**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KORREY OSTLER, | DOCKET NUMBER |
| Appellant, | DE-0752-19-0205-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: August 7, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Korrey Ostler</u>, Salt Lake City, Utah, pro se.

<u>Melinda Varszegi</u>, Esquire, Sandy, Utah, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

From January 7, 2017, to January 1, 2018, the appellant, a preference eligible, held a temporary City Carrier Assistant position in the excepted service. Initial Appeal File (IAF), Tab 6 at 32-33. Following a 6-day break in service, on January 7, 2018, the agency appointed him to another excepted-service temporary City Carrier Assistant position. *Id.* at 31. On November 7, 2018, the agency proposed his removal for unacceptable conduct and afforded him an opportunity to respond, which he did in writing on November 11, 2018. *Id.* at 8-15. While the proposed removal was pending, the agency converted the appellant from a temporary position to a career Letter Carrier position effective November 24, 2018. IAF, Tab 7 at 5. On November 28, 2018, the agency issued a decision letter affirming the charge and finding termination warranted. IAF, Tab 6 at 5-7. The decision letter indicated that, "[s]ince a grievance has been filed on your behalf, the removal is deferred until your appeal rights have been exhausted." *Id.* at 6. A Postal Service (PS) Form 50 processed on March 8, 2019, reflects that the appellant's termination became effective on December 21, 2018. *Id.* at 4.

The appellant filed a Board appeal challenging his termination and alleging discrimination and prohibited personnel practices. IAF, Tab 1. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant was not an employee with Board appeal rights because he did not have at least 1 year of current continuous service. IAF, Tab 5 at 8. In response to the administrative judge's order on jurisdiction, the appellant appeared to argue that he was not separated until March 2019 and that he therefore had more than 1 year of current continuous service. IAF, Tabs 8, 11, 16. Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the Board lacked jurisdiction over the termination appeal because, at the time of his termination, the appellant did not have 1 year of continuous service in the same or similar positions as to be entitled to appeal rights to the Board. IAF, Tab 18, Initial Decision (ID) at 2-3. She further found that, absent an otherwise appealable action, the Board lacked jurisdiction to consider the appellant's discrimination and prohibited personnel practices claims. ID at 3-4.

The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3

**ANALYSIS**

Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action to the Board. *See* 5 U.S.C. §§ 7511(a)(1), 7513(d); *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 8 (2017), *aff'd sub nom*. *Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018). Pursuant to 5 U.S.C. § 7511(a)(1)(B), which concerns preference-eligible employees in the excepted service, an employee with the right to appeal to the Board includes a preference-eligible U.S. Postal Service employee who has completed "1 year of current, continuous service" in the same or similar positions.[2] 5 U.S.C. § 7511(a)

_____

[2] Employees of the U.S. Postal Service also may appeal adverse actions to the Board under 5 U.S.C. chapter 75 if they are management or supervisory employees, or employees engaged in personnel work in other than a purely nonconfidential clerical

(1)(B)(ii); *see* 5 U.S.C. § 7511(b)(8); *Winns*, 124 M.S.P.R. 113, ¶ 8. "Current continuous service" means service immediately prior to the action at issue without a break in service of a workday. 5 C.F.R. § 752.402; *see Winns*, 124 M.S.P.R. 113, ¶¶ 8, 14 (holding that the ordinary meaning of "current continuous service" in section 7511(a)(1)(B) precludes breaks in service). The appellant bears the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction.[3] 5 C.F.R. § 1201.56(b)(2)(i)(A).

Here, it is undisputed that the appellant is a preference eligible and that the period of service at issue in this appeal began on January 7, 2018, when the agency appointed him to the temporary City Carrier Assistant position.[4] IAF, Tab 6 at 31. The administrative judge found that he did not meet the definition of an employee with chapter 75 appeal rights because, although the appellant was a preference-eligible Postal Service employee in the excepted service, he did not have 1 year of current continuous service at the time of his termination. ID at 2-3. On review, the appellant argues, as he did below, that the agency did not terminate him until March 2019 and that he therefore completed 1 year of current continuous service prior to his termination. PFR File, Tab 1. In support of this contention, the appellant points to the following: PS Forms 50 processed in February and March 2019, IAF, Tab 6 at 4, Tab 11 at 5; "check stubs" dated every 2 weeks between December 2018 and March 2019 showing his address and

capacity. 5 U.S.C. § 7511(b)(8); 39 U.S.C. § 1005(a)(4)(A)(ii)(I); *Winns*, 124 M.S.P.R. 113, ¶ 8 n. 4. The appellant has not alleged, and the record does not reflect, that he was employed in any of these capacities.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] As noted above, there was a 6-day break in service between the end of the appellant's first appointment and the beginning of the appointment immediately preceding the termination at issue in this appeal. IAF, Tab 6 at 31-33. In light of this break in service, the appellant's service in his first appointment cannot be tacked onto his current service for purposes of satisfying the 1 year of current continuous service requirement, even if it was in the same or a similar position. *See* 5 U.S.C. § 7511(a)(1)(B)(ii); 5 C.F.R. § 752.402.

a return address for the agency but no information regarding pay or benefits, IAF, Tab 16 at 1-3; a March 8, 2019 letter from the agency explaining that, once his separation was updated to the payroll system, he would receive payment for his earned annual leave balance, i.e., "terminal leave," and for any work he performed during his final pay period, IAF, Tab 11 at 6; and a detailed paystub from March 22, 2019, reflecting a lump sum terminal leave payment for 24 hours, PFR File, Tab 1 at 3.[5]

The Board has recognized that, under a practice that appears to be unique to the U.S. Postal Service, when a bargaining unit employee grieves a removal, the agency ordinarily carries the employee on the rolls beyond the date that the removal was set to become effective until the grievance is resolved. *McGarrity v. U.S. Postal Service*, 103 M.S.P.R. 610, ¶ 2 (2006). This appears to be the case here. As noted above, the decision letter issued on November 28, 2018, indicates that "[s]ince a grievance has been filed on your behalf, the removal is deferred until your appeal rights have been exhausted." IAF, Tab 6 at 6. In addition, the agency states on review that, "[a]fter the grievance process was completed and the appeal period had passed without an appeal, [the agency] cut the Form 50 separating Complainant effective December 21, 2018." PFR File, Tab 3 at 4.

Generally, when the Postal Service retains an appellant on its rolls in a non-pay status pending the final disposition of a grievance, the Board views the employee's termination as constructively effective on the effective date in the decision letter, not the date when the employee is eventually separated from the agency's rolls. *McNeil v. U.S. Postal Service*, 98 M.S.P.R. 18, ¶ 9 (2004). While the November 28, 2018 decision letter here did not specify an effective date for

---

[5] The appellant submitted the March 22, 2019 paystub for the first time on review. PFR File, Tab 1. Under 5 C.F.R. § 1201.115, the Board will generally not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Although the appellant has not shown that he could not have submitted the March 22, 2019 paystub before the record closed below despite his due diligence, we find it appropriate to consider this evidence under the circumstances of this case.

the appellant's termination, it informed him that the deciding official determined that his termination was warranted and that he had the right to challenge it by filing a Board appeal or equal employment opportunity complaint. IAF, Tab 6 at 5-6. Thus, upon the issuance of the decision letter, the appellant's termination was conclusive, final, and effective in the sense that it was subject only to reversal or modification by settlement, appeal, or grievance. *See Benjamin v. U.S. Postal Service*, 29 M.S.P.R. 555, 557 (1986). We note that the March 8, 2019 PS Form 50 reflects that the appellant was terminated from his position effective December 21, 2018, which the agency asserts on review is when the grievance process was completed, and that it was his last day in pay status.[6] IAF, Tab 6 at 4; PFR File, Tab 3 at 4. We need not resolve, however, whether the appellant's termination was effective upon the issuance of the November 28, 2018 decision letter or, as the PS Form 50 reflects, upon the completion of the grievance process on December 21, 2018, because he had less than 1 year of current continuous service on both dates. *See* 5 U.S.C. § 7511(a)(1)(B)(ii).

As noted above, in arguing that he was not terminated until March 2019, the appellant relies on documentation generated after December 21, 2018, including the PS Forms 50, partial paystubs, a letter regarding terminal leave and his final paycheck, and the March 22, 2019 paystub reflecting payment for 24 hours of terminal leave. IAF, Tab 11 at 5-6, Tab 16 at 1-3; PFR File, Tab 1 at 3. These documents, however, do not establish that the appellant was an active employee or in a pay or duty status at any time after December 21, 2018. Rather, they show only that the agency took ministerial steps to remove him from the rolls in the months after the issuance of the decision letter and the completion of the grievance process. The delayed administrative act of removing him from the

---

[6] In addition, a February 28, 2019 PS Form 50 purports to cancel "[Notice of Action (NOA)] 925" in order to process the appellant's separation effective December 21, 2018. IAF, Tab 11 at 5. It is unclear what personnel action NOA 925 refers to, and the parties have not offered any explanation.

agency's rolls does not change the fact that his removal was effective either upon the issuance of the decision letter on November 28, 2018, or on December 21, 2018, which the agency contends was his last day in pay status. *See Hopkins v. U.S. Postal Service*, 108 M.S.P.R. 25, ¶¶ 9-10 (2008) (explaining that, when the Postal Service maintains an employee on the rolls in non-pay status until the final disposition of a grievance, the delayed administrative act of removing him from the rolls does not change the fact that the removal was effective as of the date set forth in the decision letter).

In light of the foregoing, we find no basis to disturb the administrative judge's determination that the appellant did not have 1 year of current continuous service at the time of his termination and that he therefore does not meet the definition of an employee with the right to appeal his termination to the Board under section 7511(a)(1)(B). Thus, she properly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.